**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| SAMUEL JOHNSON, | ) CASE NO.  1:17-cv-1050 |
| Petitioner, | ) JUDGE JEFFREY J. HELMICK |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| BRIGHAM SLOAN, Warden, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Respondent. | ) |

## I. Procedural Background

On May 19, 2017, Samuel Johnson (hereafter "Petitioner") filed a petition for a writ of habeas corpus. (R. 1). On May 31, 2017, the court issued its initial order setting forth the briefing schedule and expressly warning that "[w]hen a party has a change of address, the party must immediately inform the Court of the new address or risk the waiver of his/her right to present arguments and/or the *dismissal of his/her case*." (R. 6) (emphasis added). The docket reflects two mailings addressed to Petitioner, copies of the aforementioned initial order and an order granting Petitioner's motion to proceed *in forma pauperis*, were returned on June 12, 2017 and June 16, 2017 respectively, indicating that the mail could not be forwarded and bearing a handwritten note stating "Released 5/31/17." (R. 8 & 9). To this date, Petitioner has not provided the court

with an updated address.

On June 20, 2017, Respondent filed a motion to dismiss for lack of prosecution premised on Petitioner's failure to update his address. (R. 10). Respondent's motion also noted that Petitioner's only federal habeas claim alleged ineffective assistance of trial counsel for failure to pursue a Speedy Trial Act claim in connection with his 2006 conviction. *Id*. Respondent suggests the petition could be barred by the applicable statute of limitations. *Id*.

On July 14, 2017, the court ordered Respondent to make reasonable inquiry into Petitioner's address and file a report within 30 days.[1] (R. 11). Respondent promptly filed a notice with the court on July 17, 2017, indicating that Petitioner was believed to be residing at **Harbor Light Halfway House, 1710 Prospect Avenue, Cleveland, Ohio 44115**. (R. 12).

On July 28, 2017, Petitioner was ordered to file a response to Respondent's Motion to Dismiss for lack of prosecution within fourteen (14) days, and unequivocally warned that failure to respond may result in dismissal. (R. 13). Petitioner was mailed a copy of both the court's order and the Respondent's motion to dismiss at the address of the aforementioned halfway house. That mailing has not been returned to the court. Despite the passage of over two months, Petitioner has yet to respond.

On October 4, 2017, the Magistrate Judge's courtroom deputy contacted Harbor Light - Salvation Army (Northeast) at (216) 781-xxxx to confirm the Petitioner's residence at the aforementioned address. A supervisor confirmed that Petitioner, Samuel Johnson, arrived at the facility on May 25, 2017. Petitioner's case manager confirmed that Petitioner can retrieve his

---

[1] In its order, the court observed that "the Ohio Department of Rehabilitation & Corrections' website indicated that Petitioner was released on May 31, 2017 from Richland Correctional Institution and was on 'APA Supervision' with the APA offices located in New Painesville." (R. 11).

mail Monday thru Friday, twice a day at either 10:00 am or 4:00 pm and that Petitioner currently does not have any mail in his mail box.

## II. Analysis

### A. Failure To Prosecute, Update Address, and Comply With A Court Order

Pursuant to Federal Rule of Civil Procedure 41(b):

(b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Furthermore, while the court has been presented with a motion to dismiss for want of prosecution, it bears noting that the United States Supreme Court has held that Rule 41(b) did not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 1388–89 (1962).

The Sixth Circuit Court of Appeals considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir.1999)).

Under these circumstances recounted in the procedural background, the court can confidently conclude that Petitioner was residing at the Harbor Light Halfway House between May 31, 2017 and October 4, 2017, when the courtroom deputy contacted the institution. Coupled with the fact that Petitioner can and does receive mail at said institution, the court has no reservations that Petitioner actually received the court's order dated July 28, 2017. Despite that order's clear warning of the potential consequences of failing to respond, petitioner has chosen to ignore the court's order and to effectively abandon his petition. He has been allotted more than ample time to respond. Therefore, the court concludes that Petitioner's failure to comply with this court's order is willful. *See, e.g., Rogers v. City of Warren*, 302 Fed. App'x 371, 376 (6th Cir. 2008) (finding the district court did not abuse its discretion by dismissing an action for failure to prosecute where the "Plaintiff remained doggedly silent … when ordered to respond [and was] provided … with ample opportunity to explain his failures to appear when it entered its two orders to show cause")

Other decisions within this district have found that dismissal was warranted where a habeas Petitioner failed to keep the court updated of his change in address. *See McClellan v. Mack*, No. 3:11CV1798, 2012 WL 4461520, at *4 (N.D. Ohio Feb. 23, 2012) (Limbert, M.J.), *report and recommendation adopted*, 2012 WL 4461523 (N.D. Ohio Sept. 25, 2012) (Polster, J.); *Alexander v. Bureau of Prisons*, No. 4:08-CV-2296, 2011 WL 2112553 at *2 (N.D. Ohio May 27, 2011) (agreeing with the conclusions of the Magistrate Judge, which included a finding that the petitioner's failure to update his address constituted failure to prosecute and warranted

4

dismissal without prejudice) (Gwin, J.);[2] *cf. Amison v. Legg*, 2015 WL 853526 (N.D. Ohio Feb. 26, 2015) (Lioi, J.) (adopting report and recommendation that a civil action be dismissed for failure to prosecute based in part on plaintiff's failure to notify the court of his current address).

The second factor, whether the adversary was prejudiced by the opposing party's conduct, is arguably lacking. Although Respondent would be required to continue with the defense effort associated with all habeas petitions, the court finds this effort does not constitute clear prejudice. Nevertheless, the four factors set forth by the Sixth Circuit are indeed factors and not a checklist.

The third factor involves an examination as to whether the non-complying party was warned that failure to cooperate could lead to dismissal. This factor is unmistakably present, as the court's order of July 28, 2017, explicitly warned that failure to file a response "*may* result in dismissal." (R. 13) (emphasis in original).

Finally, the fourth factor requires a court to consider less drastic sanctions before ordering dismissal. Here, immediately after Respondent filed the motion to dismiss, the court consulted the Ohio Department of Rehabilitation & Corrections' website and discovered that Petitioner was released from prison on May 31, 2017, and was under the Adult Parole Authority's supervision in New Painesville. (R. 11). Rather than dismiss the matter as requested by Respondent, the court ordered Respondent to locate Petitioner, as it believed Respondent could do so with minimal effort. (R. 11). The court's impression was confirmed and the Respondent promptly provided the court with Petitioner's address at a halfway house. The court opted to provide Petitioner an opportunity to oppose the motion to dismiss and to give some

---

[2] In the court's view, Petitioner's failure here is more egregious than simply failing to keep the court apprised of his address, as he has also willfully chosen to ignore this court's order.

5

indication that he wished to pursue his claim. (R. 13). Despite being instructed to file a response within fourteen days, the court has waited over two months but Petitioner has ignored the court's order and eschewed the opportunity to respond. Thus, the court has considered less drastic actions. Furthermore, as noted by the *McClellan* court, "[i]f Plaintiff had been involved in any way with the case, the Court could conceivably have considered or imposed less drastic measures," but finding that the plaintiff's failure to respond left it no other available sanction. 2012 WL 4461520 at *4. Rule 41(b) dismissals operate as an adjudication on the merits unless otherwise stated. Therefore, the court recommends dismissal without prejudice.

### III. Conclusion

For the foregoing reasons, it is recommended that Respondent's motion to dismiss (R. 10) be GRANTED due to Petitioner's willful abandonment of his claim and for failing to comply with this court's orders. It is recommended that said dismissal be without prejudice.

/s/ David A. Ruiz
U.S. MAGISTRATE JUDGE

Date: October 10, 2017

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the district court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981)**; *Thomas v. Arn,* **474 U.S. 140 (1985)**, *reh'g denied*, **474 U.S. 1111 (1986).**